## Charles L. Schaar et al. v. Maurice Weil et al.

1. EVIDENCE—*Upon Collateral Issues.*—Evidence upon a collateral issue, although admissible, may be stricken out without necessarily requiring the court to set aside the verdict in the case.

Assumpsit, for rent. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

WEIGLEY & EASTMAN, attorney for appellants.

MARTIN S. ISAACS, attorney for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action by the appellants for rent.

There are two questions of fact; first, whether the appellants ever had anything to rent; second, whether the appellees ever did rent anything from the appellants. The court instructed the jury as the appellants desired, except one peremptory instruction to find for them refused, and the whole argument for the appellants now is that the court wrongly admitted evidence which it afterward struck out, and wrongly denied the motion for a new trial. The ap-

pellants began their proof before the jury by the introduction of a deed conveying the premises in controversy to themselves, by Hannah J. Tierney and her husband, Thomas J. Tierney, and followed with evidence of a parol demise from themselves to the appellees.

In the premises, business had been conducted by a T. J. Tierney Mfg. Co., which, we infer, was another name for Thomas.

That manufacturing company was indebted to appellants, and whether the deed was in satisfaction of that debt, and possession taken by appellants under it, or whether it was a security for the debt, and possession retained by the Tierneys, was the first question. Upon that question the evidence to which objection was made, and which the court struck out, was admissible. The appellees admitted that some goods bought by the appellants at a sheriff's sale, and by them sold to the appellees, remained upon the premises, but denied that the appellees ever were in possession of the premises, and denied that they ever rented them from anybody, but alleged that they left the goods there by permission of "Mr. Tierney."

Had the appellants begun by the effort to prove only a demise to the appellees, and said nothing about their title, it may be that the issues would have been much narrower, and that the appellees would or ought to have been confined to denying the demises. Taking the course they did, the appellants can not object to evidence bearing upon the issue they presented; namely, absolute ownership and possession of the premises.

The error of the court in striking out the evidence did not require the court to set aside a verdict founded upon it.

There was therefore no error in denying the motion for a new trial, and the judgment is affirmed.